UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRANDON I.,

                Plaintiff,

       v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C20-5625 RAJ

**ORDER REVERSING DENIAL OF BENEFITS AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff appeals denial of his applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the ALJ erred by rejecting his testimony and two medical opinions. Dkt. 23. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 36 years old, has a high school education, and has worked as a cashier, bus driver, optical effects layout person, fundraiser, and customer complaint clerk. Dkt. 21, Admin. Transcript (Tr.) 33-34. Plaintiff applied for benefits in 2016, alleging

disability as of September 1, 2016. Tr. 15. After conducting a hearing in October 2018, the ALJ issued a decision finding Plaintiff not disabled. Tr. 41-108, 15-35. In pertinent part, the ALJ found Plaintiff's severe impairments of Cushing's disease, fibromyalgia, obesity, post-traumatic stress disorder, and major depressive disorder limited him to simple, sedentary work, frequently handling and fingering. Tr. 18, 20.

**DISCUSSION**

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

**A.     Plaintiff's Testimony**

The ALJ could only discount Plaintiff's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo*, 871 F.3d at 678. The ALJ discounted Plaintiff's testimony of pain and muscle fatigue causing extreme exertional, handling, and concentration limitations based on improvement with treatment, inconsistent statements, and conflict with his activities. Tr. 31.[1]

"[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). However, the ALJ identified no evidence Plaintiff's symptoms were successfully

---

[1] The ALJ also noted Plaintiff's doctor "[e]ncouraged him to get at least 20 minutes of walking in a day," but this did not contradict Plaintiff's testimony. Tr. 479. The Commissioner does not defend this as a reason to discount Plaintiff's testimony, apparently conceding it was erroneous.

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER ADMINISTRATIVE
PROCEEDINGS - 2

relieved, or improved to such an extent that his testimony was contradicted. Improvement was not a clear and convincing reason to discount Plaintiff's testimony.

The ALJ found Plaintiff made inconsistent statements regarding cannabis use, but failed to explain how this undermined his testimony. Tr. 31. Inconsistent statements unrelated to a claimant's impairments are not a clear and convincing reason to discount testimony. *Cf.* SSR 16-3p ("[S]ubjective symptom evaluation is not an examination of an individual's character."). The Commissioner argues cannabis use is relevant because Plaintiff reports disability "due in part to … lethargy and forgetfulness." Dkt. 26 at 3. This is not an accurate representation of Plaintiff's testimony that pain impairs his concentration. Tr. 86. Inconsistent statements about cannabis use were not a clear and convincing reason to discount Plaintiff's testimony.

Conflict with his activities, however, was a sufficient reason to discount Plaintiff's testimony. In a June 2018 Function Report, Plaintiff averred he could only walk "5-10 feet" before needing to rest for 15 to 20 minutes. Tr. 379. Yet in a May 2017 treatment note, Plaintiff reported he "[w]alks 1/4 – 1 mile/day." Tr. 754. Plaintiff argues he walked with breaks. Dkt. 23 at 3. However, if he walked only 10 feet at a time with 15-minute rests between, it would take over 24 hours to walk one quarter of a mile. The ALJ reasonably discounted Plaintiff's testimony as inconsistent with his activities. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (ALJ may discount a claimant's testimony based on daily activities that contradict her testimony).

In addition, Plaintiff's testimony is undermined by his activity of standing for the

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER ADMINISTRATIVE
PROCEEDINGS - 3

length of a concert. Tr. 31. As the ALJ noted, Plaintiff only reported lower extremity "fatigue" but "not painful s[ymptoms]" after "standing for too long at a concert." Tr. 708. Plaintiff's ability to stand through a concert undermines his claims of such extreme pain and fatigue that he can only stand for ten minutes at a time and must recline at least half the day. Tr. 87, 88. Plaintiff argues the record does not reveal how long he stood at the concert. Dkt. 27 at 2. However, the ALJ reasonably inferred Plaintiff stood for a substantial amount of time while attending the concert, and nothing in the record suggests otherwise. *See Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). Plaintiff argues he only stood at a concert once, but his ability to do so contradicts his testimony he could only stand for 10 minutes.

The Court concludes the ALJ did not err by discounting Plaintiff's testimony based on conflict with his activities. Inclusion of erroneous reasons was harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008).

**B.     Medical Opinions**

The ALJ could only reject treating doctors' contradicted opinions for "specific and legitimate" reasons supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

**1.     Lauren W. Fisher, M.D.**

In August 2018, Dr. Fisher opined, due to Cushing's disease and fibromyalgia, Plaintiff could stand/walk less than two hours and sit two to four hours, and would need

to recline four to six hours. Tr. 938. She opined pain would interfere with concentration more than half the time and Plaintiff "cannot tolerate continuous desk work due to pain [and] fatigue." Tr. 937-38.

The ALJ gave Dr. Fisher's opinions "[l]ittle weight" because she treated Plaintiff for a "limited time," his pain was "conservatively managed," and she relied on Plaintiff's unreliable self-reports. Tr. 32.

Dr. Fisher's August 2018 opinion indicates she had been treating Plaintiff since January 2016. Tr. 937. The ALJ offered no explanation for characterizing two and a half years as "limited," and his reasoning stands in direct contradiction to his giving greater weight to State agency doctors who never treated or examined Plaintiff. Tr. 32; *see* Tr. 31. Limited time as a treating physician was not a specific and legitimate reason, supported by substantial evidence, to discount Dr. Fisher's opinions.

The ALJ failed to explain how "episodic trigger point injections, physical therapy, and medication" were conservative treatment or what additional treatment would be expected for Plaintiff's impairments. Tr. 32; *see Garrison v. Colvin*, 759 F.3d 995, 1015 n.20 (9th Cir. 2014) ("[W]e doubt that epidural steroid shots to the neck and lower back qualify as 'conservative' medical treatment."). Conservative treatment was not a specific and legitimate reason, supported by substantial evidence, to discount Dr. Fisher's opinions.

Finally, the ALJ identified no evidence supporting his finding that Dr. Fisher relied primarily on Plaintiff's self-reports. An ALJ cannot discount a medical opinion

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER ADMINISTRATIVE
PROCEEDINGS - 5

based on overreliance on a claimant's reports, where the doctor supported her opinion with her own observations. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199–1200 (9th Cir. 2008) (citing *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001)) ("[A]n ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations."). Dr. Fisher's treatment notes document numerous abnormal objective findings such as muscle spasms, trigger points, reduced range of motion, tenderness, tight IT bands, and abnormal gait. Tr. 466-67, 472-73, 477-78. The ALJ did not explain why these were insufficient to support opined limitations in sitting, standing/walking, and concentration due to pain.

The Commissioner offers the additional reasons that Cushing's disease had been surgically relieved, and Dr. Fisher noted Plaintiff should "rewire" his thought process to push through discomfort. Dkt. 26 at 5. However, these are *post hoc* arguments on which the Court cannot rely. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 1995). Moreover, although surgery removed the pituitary tumor, it resulted in "[m]ultiple endocrine disorders." Tr. 592. And in the same sentence Dr. Fisher noted it would help to rewire Plaintiff's thought process, she also noted the "need to … improve his pain medication regimen," indicating Plaintiff's limitations were not only mental. Tr. 468. The Commissioner's *post hoc* arguments fail.

The Court concludes the ALJ erred by rejecting Dr. Fisher's opinions without a

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER ADMINISTRATIVE
PROCEEDINGS - 6

specific and legitimate reason.

### 2. Endocrinologist Anam Akmal, M.D.

In September 2018, Dr. Akmal, who treated Plaintiff's diabetes, adrenal insufficiency, and hormone issues, opined Plaintiff experienced periods of extreme fatigue and needed to nap two to four hours per day. Tr. 939-40. The ALJ gave "[l]ittle weight" to Dr. Akmal's opinions because they were inconsistent with her treatment notes and relied on Plaintiff's self-reports. Tr. 33.

The ALJ found Dr. Akmal's clinical observations indicated Plaintiff showed "no objective signs of fatigue but instead was consistently alert and oriented … with a bright affect." Tr. 33. However, Plaintiff being awake and aware of his surroundings does not contradict fatigue. The ALJ also found Plaintiff reported "improved energy level with treatment compliance." Tr. 33 (citing Tr. 791, 794). The cited treatment notes show Plaintiff's "energy levels [were] on the lower side" when he ran out of growth hormone, while "on the growth hormone he feels much better in terms of energy." Tr. 794. However, "'doing well for the purposes of a treatment program has no necessary relation to a claimant's ability to work or to her work-related functional capacity.'" *Garrison*, 759 F.3d at 1017 (quoting *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001)). Nothing in the treatment notes indicates Plaintiff's energy improved so greatly as to contradict Dr. Akmal's opinions. In fact, even with better energy levels, Plaintiff still reported "a lot of fatigue." Tr. 789. Conflict with her treatment notes was not a specific and legitimate reason to discount Dr. Akmal's opinions.

The ALJ identified no evidence Dr. Akmal relied primarily on Plaintiff's self-reports in formulating her opinions. Dr. Akmal's treatment notes include extensive laboratory testing, with some abnormally high and low results. *See* Tr. 786-87, 790, 795-96. The ALJ failed to explain why these would be insufficient to support her opinions. Overreliance on Plaintiff's self-reports was not a specific and legitimate reason to discount Dr. Akmal's opinions.

The Court concludes the ALJ erred by discounting Dr. Akmal's opinions without a specific and legitimate reason.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reevaluate Dr. Fisher's and Dr. Akmal's opinions, reassess the RFC as appropriate, and proceed to step five as necessary.

DATED this 3rd day of May, 2021.

The Honorable Richard A. Jones
United States District Judge